In Re Joseph S. SANTORO, Sr., Debtor.

**Carol SCHWAGER, Plaintiff,**

v.

**Joseph S. SANTORO, Sr., Defendant.**

**Bankruptcy No. 80–00893–BKC–SMW.**
**Adv. No. 81–0167–BKC–SMW–A.**

United States Bankruptcy Court,
S. D. Florida.

April 30, 1981.

**42**

Reggie David Sanger, Ft. Lauderdale, Fla., for plaintiff.

Gary J. Rotella, Tamerac, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

The Plaintiff, CAROL SCHWAGER, a judgment creditor, filed a complaint objecting to the discharge of the Defendant, JOSEPH S. SANTORO, SR. The complaint objected to the discharge of the defendant on various grounds under Section 727(a) of the Bankruptcy Code. This matter was tried on March 4, 1981 and after considering the evidence presented, the testimony of the witnesses and the memoranda submitted by counsel for the parties, this Court makes the following findings of fact and conclusions of law:

■ The first objection to the defendant's discharge was for the defendant's alleged failure to keep or preserve sufficient books and records by which the defendant's financial condition or his business transactions could be ascertained under Section 727(a)(3) of the Bankruptcy Code. The Court finds that the defendant was a sole proprietor of a construction business and a stockholder and officer in a real estate corporation, which had only one closing and, that under the circumstances, the books and records kept were sufficient to determine his business activity for a reasonable period of time.

■ The next two objections raised by the plaintiff focused around the $26,000.00 loan proceeds which the defendant had received from Primax Corporation. The plaintiff objected to the discharge of the defendant under Section 727(a)(5) and (2) because the defendant could not satisfactorily explain the loss of these loan proceeds or in the alternative, defendant had transferred, removed or concealed the loan proceeds. After having reviewed the cancelled checks, receipts and the testimony of the defendant, the Court finds that the loan proceeds were used for living expenses of the defendant and his family and that none of the loan proceeds were transferred, removed or concealed with the intent to delay, hinder or defraud creditors.

■ The final objection raised was that the defendant had knowingly and fraudulently made a false oath or account under Section 727(a)(4)(A) of the Bankruptcy Code. The evidence and testimony presented fails to demonstrate this conclusion.

Consequently, the Court concludes, the plaintiff has failed to meet its burden of proof by sufficient, competent evidence to deny the defendant his discharge under Section 727(a)(2), (3), (4) or (5) of the Bankruptcy Code. The defendant is entitled to a judgment dismissing plaintiff's complaint in conformity with these findings of fact and conclusions of law.